# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

NOS. 12-9009 and 12-9012 (consolidated with 12-9008 and 12-9011)

SW BOSTON HOTEL VENTURE, LLC; AUTO SALES & SERVICE, INC.;
GENERAL TRADING COMPANY; FRANK SAWYER CORPORATION;
100 STUART STREET, LLC; 30-32 OLIVER STREET CORPORATION;
GENERAL LAND CORPORATION; 131 ARLINGTON STREET TRUST

Debtors.

---

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
Appellee,

v.

CITY OF BOSTON
Appellant.

---

On Appeal from the Bankruptcy Appellate Panel
For the First Circuit

---

**REPLY BRIEF OF APPELLANT THE CITY OF BOSTON**

Joseph F. Ryan, Esq. (1st Cir. No. 70141)
E. Kate Buyuk, Esq. (1st Cir. No. 1155065)
Lyne, Woodworth & Evarts LLP
12 Post Office Square, 2nd Floor
Boston, Massachusetts 02109
Telephone: (617) 523-6655
jryan@lwelaw.com
kbuyuk@lwelaw.com

## TABLE OF CONTENTS

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**CITY OF BOSTON REPLY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    1.    <u>Prudential Bears the Burden of Proof Concerning Entitlement to Postpetition Interest.</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    2.    <u>Prudential Endorsed the Flexible Approach to the Bankruptcy Court But Now Seeks to Apply Alternative Standards for Calculation of §506(b) Interest</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.    PRUDENTIAL FAILED TO SUBMIT ANY EVIDENCE THAT IT WAS OVERSECURED PRIOR TO THE HOTEL SALE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        B.    SINGLE VALUATION APPROACH IS WRONG. . . . . . . . 5

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)(B)** . . . 9

**CERTIFICATE OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Fin. Sec. Assurance, Inc. v. T-H New Orleans Ltd. P'ship (In re T-H New Orleans Ltd. P'ship), 116 F.3d 790 (5th Cir. 1997)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Heritage Bank Tinely Park v. Steinbeg (In re Grabill Corp.), 121 B.R. 983 (Bkrtcy.N.D.Ill.,1990)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Bradley, 94 B.R. 563 (Bankr.N.D.Iowa 1988)* . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Campbell, 402 B.R. 453 (Bankr. D. Mass. 2009)* . . . . . . . . . . . . . . . . . . . . . 2

*In re Heritage Highgate, Inc., 679 F.3d 132 (3rd Cir. 2012)* . . . . . . . . . . . . . . . . . . 2

*In re Jack Kline Co., Inc.*, 440 B.R. 712 (Bankr. S.D. Tex. 2010) . . . . . . . . . . . 2

*In re Mitchell*, 81 B.R. 171 (Bankr.D.Colo.1988) . . . . . . . . . . . . . . . . . . . . . . . . 2

*Winthrop Old Farm Nurseries, Inc. v. New Bedford Inst. for Sav. (In re Winthrop Old Farm Nurseries, Inc.)*, 50 F.3d 72 (1st Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . 6

**FEDERAL STATUTES**

11 U.S.C. §506(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11 U.S.C. §506(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## CITY OF BOSTON REPLY

Prudential's argument concerning postpetition interest is rife with factual inaccuracies and flawed legal reasoning. Prudential purports to rely on evidence that was not admitted at the Combined Hearing. It also has conjured up new alternative legal theories to attempt to justify an entitlement to postpetition interest from the Petition Date, even though the evidence at the Combined Hearing only demonstrated that Prudential was oversecured only as of the Hotel Sale in June 2011.

The Bankruptcy Court applied the correct, flexible standard in evaluating Prudential's entitlement to postpetition interest – a standard Prudential itself had espoused in its 506(b) Motion. Under the circumstances of this case – where the Debtors' property was increasing in value, where a substantial asset was sold at a fortuitous price, and where Prudential's claim was substantially reduced by adequate protection payments – the Bankruptcy Court correctly determined that Prudential became oversecured (and therefore entitled to postpetition interest) only as of the date of the Hotel Sale.

Because Prudential did not meet its burden of proving that it was oversecured for any period of time, except from the Hotel Sale to confirmation, the Bankruptcy Court's 506(b) decision must be upheld.

1. <u>Prudential Bears the Burden of Proof Concerning Entitlement to Postpetition Interest.</u>

It is well settled that Prudential, a secured creditor claiming to be entitled to post-petition interest pursuant to 11 U.S.C. §506(b), bears the burden "to prove by a preponderance of evidence its entitlement to postpetition interest, that is, that its claim was oversecured, to what extent, *and for what period of time*." *Fin. Sec. Assurance, Inc. v. T-H New Orleans Ltd. P'ship (In re T-H New Orleans Ltd. P'ship)*, 116 F.3d 790, 798 (5th Cir. 1997) (emphasis supplied); *see also In re Jack Kline Co., Inc.*, 440 B.R. 712, 732 (Bankr. S.D. Tex. 2010) ("Over-secured creditors ultimately bear the burden of proving, by a preponderance of evidence, that their claim is over-secured."); *In re Campbell*, 402 B.R. 453, 461 (Bankr. D. Mass. 2009) (secured creditor must demonstrate that it is oversecured); *Heritage Bank Tinely Park v. Steinbeg (In re Grabill Corp.)*, 121 B.R. 983, 992 (Bkrtcy.N.D.Ill.,1990); *In re Mitchell*, 81 B.R. 171, 173–174 (Bankr.D.Colo.1988); *In re Bradley*, 94 B.R. 563, 567 (Bankr.N.D.Iowa 1988).[1]

---

[1] In its brief to this Court, Prudential, for the first time attempts to shift the burden to the Debtors to prove that Prudential was undersecured. *Prudential Brief at 31*. The case that Prudential relies upon, *In re Heritage Highgate, Inc.*, 679 F.3d 132 (3rd Cir. 2012) is inapposite, as it relates, not to a secured creditor's right to postpetition interest under 11 U.S.C. §506(b), but rather to valuation of a junior secured creditor's claim under 11 U.S.C. §506(a). Further, it does not address the situation presented in this case, where the value of the collateral increased markedly as of the date of the fortuitous sale and the senior secured lender's claim was substantially reduced by adequate protection payments.

2.  Prudential Endorsed the Flexible Approach to the Bankruptcy Court But Now Seeks to Apply Alternative Standards for Calculation of §506(b) Interest.

When Prudential first filed its 506(b) Motion in the bankruptcy court in April 2011, it pointed out that in this Circuit, bankruptcy courts have "flexibility in choosing among various methods of valuation" for a secured creditor's collateral. *See Dkt. Entry 546, pg. 10.* Prudential further asserted in the same paragraph that "the appropriate time at which to value the secured creditor's interest in the collateral is similarly flexible," particularly in situations where the value of the collateral fluctuates during the course of the bankruptcy. *Id.* Relying on *In re T-H New Orleans*, Prudential expressly acknowledged that a secured creditor may only "accrue post-petition interest during the period which it is oversecured."

Yet, by the time of the Combined Hearing, Prudential realized that it stood to make more money on its loan if, instead of seeking postpetition interest only during the period it legitimately was oversecured, it attempted to obtain postpetition interest from the Petition Date. It has advanced two main theories to support its position: (1) that it actually did submit evidence to the Bankruptcy Court that it was oversecured at the Petition Date and (2) that since it was oversecured at confirmation, it is entitled to postpetition interest retroactive to the

Petition Date.  Neither of these theories has any merit.

### A. PRUDENTIAL FAILED TO SUBMIT ANY EVIDENCE THAT IT WAS OVERSECURED PRIOR TO THE HOTEL SALE.

Notwithstanding its burden of proof and contrary to the position it took in its 506(b) Motion, Prudential made the strategic decision at the Combined Hearing not to offer any evidence as to when it became oversecured.  Instead, it relied exclusively on the parties' stipulation concerning the value of Prudential's remaining collateral as of the Combined Hearing to establish that it was oversecured at confirmation.[2]  The decision not to introduce evidence at the Combined Hearing is fatal to its present position.

Now, before this Court, Prudential falsely claims that it submitted evidence establishing that it has been oversecured since the Petition Date.  Contrary to its claim, Prudential did not "introduce[] the [Debtors] schedules[3], [Prudential's] proofs of claims, [and] the Lift Stay Decision".  *Prudential Brief at 33*.  Prudential did not even request that the Bankruptcy Court take judicial notice of them.  Moreover, Prudential's own expert witness, Marti Murray, testified that she

---

[2]No party disputes that Prudential was oversecured at the time of confirmation.  The parties do dispute the significance of Prudential having become oversecured by confirmation due to an increase in value of the Hotel and the paydown of Prudential's claim by means of adequate assurance payments including the sale of the Hotel.

[3]Even if Prudential had introduced Debtors' schedules, they only provided evidence of the book value of Debtors' property as of the Petition Date, not the market value.

did not even perform a calculation to determine whether Prudential was oversecured at the Petition Date because she thinks the only proper date of measurement is at confirmation. *App. 1357, 1428*.

Prudential cannot now argue that its strategic decision not to introduce this evidence somehow satisfied its burden of proving it is entitled to postpetition interest from Petition Date. It is not the job of the Bankruptcy Court, the Debtors, or any other party to sort through reams of court filings and financial data that was not presented at the Combined Hearing to attempt to establish, for the benefit of Prudential, that Prudential was oversecured at any particular point in time[4]. That was Prudential's job, but it made the calculated decision not to present evidence of its collateral except as of the confirmation date. It must live with the results of that decision.

### B. SINGLE VALUATION APPROACH IS WRONG.

Prudential also argues that instead of employing the "flexible approach" that it originally endorsed as to the timing and method for valuing its collateral, this Court should adopt the "single valuation" approach. This hard and fast rule would allow a creditor who is oversecured at confirmation to collect postpetition interest

---

[4]In fact, the evidence of the Hotel Sale price and the net proceeds paid to Prudential was introduced by the Debtors. *App. 1064 - 1067*. This is the only admitted evidence that established that Prudential became oversecured during the course of the bankruptcy proceeding.

from the Petition Date. *Prudential Brief 42*.

Such an inflexible rule is inconsistent with this Court's articulated flexible approach to valuation. *Winthrop Old Farm Nurseries, Inc. v. New Bedford Inst. for Sav. (In re Winthrop Old Farm Nurseries, Inc.)*, 50 F.3d 72, 73-75 (1st Cir. 1995). In essence, Prudential is asking the Court to impose a rule that assumes that the collateral value at confirmation is automatically the value at the Petition Date.

This rationale ignores the unique circumstances of any given bankruptcy case. Such an application in this case would mean (1) ignoring that 14 months had passed between the Petition Date and the Combined Hearing, an interval during which the country experienced an unparalleled real estate collapse in 2009, (2) the uncertain, fluctuating value of the collateral throughout the bankruptcy, and (3) the fortuitous Hotel Sale shortly prior to the Combined Hearing which substantially reduced Prudential's claim.

Under Prudential's theory, a creditor who became oversecured three days before confirmation would be able to recover postpetition interest from the petition date, even if the bankruptcy had been pending for years. It is difficult to understand how such an inflexible rule would be fair to debtors or other creditors.

The flexible approach that was employed by both the Bankruptcy Court and

the BAP allows the courts to give due consideration to the individual circumstances presented in any given case. The Bankruptcy Court correctly concluded that the flexible approach, as applied to this case, would permit Prudential to recover postpetition interest during the interval it was oversecured.

## **CONCLUSION**

Upon the foregoing points and authorities and those in Appellant's Opening Brief, Appellant, the City of Boston, respectfully requests that this Court:

A.  Reverse the BAP substitute finding that Prudential was oversecured from the Petition Date and affirm the Bankruptcy Court's finding the Prudential was not oversecured, and therefore entitled to postpetition interest, until June 8, 2011;

B.  Reverse the BAP holding that Prudential is entitled to compound interest on the amount of postpetition interest owed to it and affirm the Bankruptcy Court's finding that Prudential is not entitled to compound interest; and

C.  Reverse the BAP judgment vacating confirmation of the Plan and affirm the

Bankruptcy Court's confirmation of the Plan, including that the City of Boston's voting rights were not assignable to Prudential.

          Respectfully submitted,
          THE CITY OF BOSTON
          By its attorneys,

*/s/ E. Kate Buyuk*
Joseph F. Ryan, Esq. (1st Cir. No. 70141)
E. Kate Buyuk, Esq. (1st Cir. No. 1155065)
Lyne, Woodworth & Evarts LLP
12 Post Office Square, 2nd Floor
Boston, Massachusetts 02109
Telephone: (617) 523-6655
jryan@lwelaw.com
kbuyuk@lwelaw.com

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)(B)

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1601 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using WordPerfect 12 in 14 point font size and Time New Roman font.

/s/ E. Kate Buyuk
E. Kate Buyuk (1st Cir. No. 1155065)
LYNE, WOODWORTH & EVARTS LLP
12 Post Office Square, 2nd Floor
Boston, Massachusetts 02109
Telephone: (617) 523-6655
Facsimile:  (617) 248-9877
Email: kbuyuk@lwelaw.com

## CERTIFICATE OF SERVICE

I, E. Kate Buyuk, hereby certify that on August 8, 2013, I caused the foregoing document to be filed using the CM/ECF System. Further, a copy of this document was served by this Court's CM/ECF system on the following counsel of record, listed as registered ECF Filers:

Harold B. Murphy, Esq.
Charles R. Bennett, Esq.
D. Ethan Jeffrey, Esq.
John C. Elstad, Esq.
Nathalie B. Sawyer, Esq.
Christopher M. Condon, Esq.
Murphy & King P.C.
One Beacon Street
21st Floor
Boston, MA 02108
*Counsel to Debtors*

Emanuel C. Grillo, Esq.
Meagan E. Costello, Esq.
Goodwin Procter, LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
*Counsel to Prudential*

Gina L. Martin, Esq.
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
*Counsel to Prudential*

William M. Jay, Esq.
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4432
*Counsel to Prudential*

Bruce F. Smith, Esq.
Jager Smith, P.C.
One Financial Center
Boston, MA 02111
*Counsel to Committee of Unsecured Creditors*

Patrick P. Dinardo, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
*Counsel to MBA*

/s/ E. Kate Buyuk
E. Kate Buyuk (1st Cir. No. 1155065)